IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HENSEL PHELPS CONSTRUCTION CO., <br><br> Petitioner, <br><br> v. <br><br> PERDOMO INDUSTRIAL, LLC, <br><br> Respondent. | Civil No. 1:18-cv-01349-AJT-MSN |

## REPORT & RECOMMENDATION

This matter comes before the Court on Petitioner Hensel Phelps Construction Co.'s Motion for Default Judgment Against Respondent Perdomo Industrial, LLC (Dkt. No. 11). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in favor of petitioner Hensel Phelps Construction Co. ("petitioner" or "Hensel Phelps") for the reasons that follow.

**I.    Procedural Background**

On October 30, 2018, Hensel Phelps brought the instant Petition to Confirm Arbitration Award against respondent Perdomo Industrial, LLC ("respondent" or "Perdomo Industrial") under Chapter 1 of the Federal Arbitration Act, 9 U.S.C. §§ 1-13 (the "FAA"). Pet. (Dkt. No. 1) ¶ 1. Hensel Phelps seeks confirmation of an August 21, 2018 Final Award (the "Award") issued by a three-member American Arbitration Association ("AAA") panel in an underlying arbitration, *Hensel Phelps Construction Co. v. Perdomo Industrial, LLC & Allied World Insurance Co.*, Case No. 01-17-0001-2201. *Id.* at ¶ 2.

On November 5, 2018,[1] Perdomo Industrial's agent, Orlando Perdomo, Jr., was unsuccessfully served with a summons, along with the Petition and attachments, via a process server at his residence, 1575 Anderson Road, Suite 909, McLean, Virginia 22102. Affid. (Dkt. No. 11-3) ¶ 4. Upon information and belief, Mr. Perdomo's residence is also his principal place of business. *Id.* On November 6, 2018, Mr. Perdomo was successfully served via process server by posting the pleadings to the front door of his residence. *Id.*; *see also* Executed Summons (Dkt. No. 6) 1. The next day, November 7, 2018, Hensel Phelps mailed a copy of those pleadings to Mr. Perdomo at his residence via certified mail. Affid. (Dkt. No. 11-3) ¶ 4; *see also* Affid. of Service (Dkt. No. 7) 1. Perdomo Industrial's answer was due on November 27, 2018.

Because Perdomo Industrial failed to timely file an answer, Hensel Phelps filed a Request for Entry of Default Against Respondent Perdomo Industrial, LLC (Dkt. No. 9), along with an Affidavit from Brian R. Dugdale (Dkt. No. 9-1), on February 12, 2019. The Clerk filed an Entry of Default (Dkt. No. 10) on February 13, 2019. Subsequently, Hensel Phelps filed a Motion for Default Judgment Against Respondent Perdomo Industrial, LLC (Dkt. No. 11), along with a Memorandum in Support of Petitioner Hensel Phelps Construction Co.'s Motion for Default Judgment Against Respondent Perdomo Industrial, LLC (Dkt. No. 12), and noticed a hearing for the motion on March 8, 2019 (Dkt. No. 13). On March 8, 2019, counsel for Hensel Phelps appeared at the hearing but neither Perdomo Industrial nor a representative appeared (Dkt. No. 14).

## II. Factual Background

Hensel Phelps is a Delaware general partnership with its principal place of business at 420 Sixth Avenue, Greeley, Colorado 80631. Pet. (Dkt. No. 1) ¶ 4. Upon information and belief,

---

[1] Hensel Phelps alleges that this date was November 6, 2018; however, this appears to be an error.

2

Perdomo Industrial is a Virginia limited liability company with its principal place of business at 1575 Anderson Road, Suite 909, McLean, Virginia 22102. *Id.* at ¶ 5.

On May 12, 2016, Hensel Phelps and Perdomo Industrial entered into a subcontract for the Freedom Plaza Project located at 1301 Pennsylvania Avenue NW, Washington, DC 20004 (the "Subcontract"). *Id.* at ¶ 9; *see also* Pet., Ex. 2 (Dkt. No. 1-2) 2. Hensel Phelps alleges that Perdomo Industrial was in default of the Subcontract as of December 19, 2016. Pet. (Dkt. No. 1) ¶ 9. If a party defaults, the Subcontract requires that such claims or disputes "shall be submitted to arbitration" and "[t]he rules and procedures of such arbitration shall be the Rules for Construction Industry of the American Arbitration Association" (the "AAA Rules"). Pet., Ex. 2 (Dkt. No. 1-2) 14. The Subcontract further states that "[t]he decision of the arbitrator[s] shall be final, conclusive and binding upon the parties hereto, and shall be enforceable in any court of competent jurisdiction." *Id.* Rule 54(c) of the AAA Rules states that the "[p]arties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Pet., Ex. 3 (Dkt. No. 1-3) 35.

On February 27, 2017, Hensel Phelps filed a Demand for Arbitration with the AAA against Perdomo Industrial and its surety, Allied World Insurance Company ("Allied World"). Pet. (Dkt. No. 1) ¶ 13. Hensel Phelps filed an Amended Demand for Arbitration with the AAA on February 6, 2018, seeking at least $10.5 million in damages resulting from Perdomo Industrial's breach and default on the Subcontract. *Id.* The parties submitted arbitrator nominations pursuant to the AAA Rules and the AAA then provided notice to the parties that the panel would consist of three arbitrators. *Id.* at ¶ 14. An evidentiary hearing was conducted on May 21-25 and June 4-7, 2018 before the panel in Fairfax County, Virginia. *Id.* at ¶ 15. Perdomo Industrial failed to appear at the evidentiary hearings to present its counterclaim or defense. *Id.* at

3

¶ 16. The panel issued an award on August 21, 2018 in favor of Hensel Phelps by finding that "[t]here is no dispute that [Perdomo Industrial] defaulted on the Subcontract and that [Hensel Phelps] complied with the termination procedures in the Subcontract" and that "[t]here is also no dispute that [Hensel Phelps] notified Allied World of [Perdomo Industrial's] default." Pet., Ex. 1 (Dkt. No. 1-1) 1.

As a result, the panel found that Hensel Phelps was entitled to an Award in its favor against Perdomo Industrial and Allied World[2] jointly and severally in the amount of $2,958,309.71, plus simple interest at ten percent (10%) per annum by Perdomo Industrial from the date of the Award and simple interest per annum at the legal rate in the District of Columbia by Allied World after thirty (30) days of the date of the Award, and against Perdomo Industrial individually in the amount of $7,917,666.30 plus simple interest in the amount of ten percent (10%) per annum from the date of the Award. *Id.* at 8-9. The panel "denied with prejudice" Perdomo Industrial's counterclaim for $140,355.00 plus pre- and post-award interest and all costs, fees, and expenses. *Id.* at 8. The panel found that the Award "is in full settlement of all claims, counterclaims and other relief submitted to this arbitration." *Id.* at 9.

### III. Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. The Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties are citizens of different states— Hensel Phelps is a Delaware general partnership and Perdomo Industrial is a Virginia limited liability company—and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost. A court may exercise general or specific personal jurisdiction. "General personal

---

[2] Hensel Phelps states that Allied World has paid what was owed to Hensel Phelps as a result of the Award and, therefore, Allied World is not a party to this action. Pet. (Dkt. No. 1) ¶ 17 n. 1.

jurisdiction requires 'continuous and systemic' contacts with the forum state." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (internal citations omitted). Because Perdomo Industrial has a principal place of business in this district, this Court has general personal jurisdiction. *See, e.g.*, *KMLLC Media, LLC v. Telemetry, Inc.*, 2015 WL 6506308, at *4 (E.D. Va. Oct. 27, 2015) ("Absent exceptional circumstances, the defendant is only subject to the general jurisdiction of the forum state if it is the defendant's domicile."). In addition, the Award was made in this district. For these reasons, venue is also proper pursuant to 29 U.S.C. § 1391(b).

Perdomo Industrial was successfully served process of a summons, the Petition, and accompanying documents on two occasions. The first was on November 6, 2018 via process server by posting the pleadings to the front door of Mr. Perdomo's residence. Affid. (Dkt. No. 11-3) ¶ 4. Perdomo Industrial was further served process the following day, November 7, 2018, when Hensel Phelps mailed a copy of those pleadings to Mr. Perdomo via certified mail. *Id.* Perdomo Industrial failed to answer within twenty-one (21) days as required by Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, Hensel Phelps moved for default judgment.

**IV.   Standard**

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default

judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Perdomo Industrial has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Petition are deemed to be admitted.

## V. Analysis

Having examined the record, the undersigned Magistrate Judge finds that the well-pleaded allegations of fact in the Petition (Dkt. No. 1), along with Hensel Phelps's Motion for Default Judgment Against Respondent Perdomo Industrial, LLC (Dkt. No. 11), support a finding that Perdomo Industrial is in default. Accordingly, the undersigned recommends that Hensel Phelps is entitled to its requested relief, specifically a confirmation of the Award in the amount of $7,917,666.30 plus simple interest at ten percent (10%) per annum on all unpaid amounts from the date of the Award.

Under Section 9 of the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," and no court is specified in the agreement, a party may apply for an order confirming the award from the "United States court in and for the district within which such award was made" within one year after the award is made. *See* 9 U.S.C. § 9. Section 9 further provides that "the court must grant such an order unless the award is vacated, modified, or corrected…." *Id*. The Subcontract explicitly incorporates the applicable AAA rules, Pet., Ex. 2 (Dkt. No. 1-2) 14, which provide that the parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof," Pet., Ex. 3 (Dkt. No. 1-3) 35.

The Award was issued to the parties on August 21, 2018. Pet. Br. (Dkt. No. 11) 6. Perdomo Industrial had three (3) months from the date the Award was issued to file and serve notice of a motion to vacate, modify, or correct the Award pursuant to 9 U.S.C. § 12, but failed to do so. *Id.* Accordingly, no application has been made under Sections 10 or 11 of the FAA to confirm, modify, or correct the Award. *Id.* Moreover, the instant motion was timely as it was filed within one year of the issuance of the Award. *Id.* Accordingly, the undersigned recommends that Hensel Phelps is entitled to its requested relief.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends:

1) Granting Hensel Phelps's Motion for Default Judgment Against Respondent Perdomo Industrial, LLC (Dkt. No. 11).

2) Confirming the Award in the amount of $7,917,666.30 plus simple interest at ten percent (10%) per annum on all unpaid amounts from the date of the Award.

3) Dismissing Perdomo Industrial's counterclaim with prejudice.

4) Finding that the Award is the full settlement of all claims, counterclaims, and other relief submitted to the arbitration.

5) Retaining jurisdiction through entry of judgment and issuing any orders necessary for Hensel Phelps to enforce the judgment.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Perdomo Industrial at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this

Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

March 14, 2019
Alexandria, Virginia